

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00034-CR

_____

CHAD A. ISAACS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1519428R

Before Walker, Gabriel, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Chad A. Isaacs appeals his conviction and his twenty-five year sentence for theft.[1] Isaacs pleaded guilty without entering into a plea bargain. At the time of the plea, he affirmed his competency to stand trial, averred that he was satisfied with his counsel's representation, received admonishments about the effects of the plea, waived constitutional and statutory rights, and entered a judicial confession. The trial court found him guilty, received evidence concerning his punishment, and sentenced him to twenty-five years' confinement. He brought this appeal.

Issacs's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that counsel can "find no errors warranting reversal that can be legitimately supported by the record." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In compliance with *Kelly v. State*, counsel notified Issacs of the motion to withdraw, provided him a copy of the *Anders* brief, informed him of his right to file a pro se response, informed

---

[1]*See* Tex. Penal Code Ann. § 31.03(a) (West Supp. 2018). The State charged Isaacs with theft of over $200,000, which was a first-degree felony at the time of his offense. *See Martinez v. State*, 527 S.W.3d 310, 316 (Tex. App.—Corpus Christi 2017, pet. ref'd).

him of his right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate his review of the appellate record. 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

We gave Isaacs an opportunity to file a pro se response to counsel's brief, but he did not. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 4, 2018

3